# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 19, 2007          Decided July 17, 2007

No. 06-3022

UNITED STATES OF AMERICA,
APPELLEE

v.

MARC K. WEATHERS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 97cr00165-02)

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender.

*Suzanne G. Curt*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese, III*, and *Thomas J. Tourish, Jr.*, Assistant U.S. Attorneys.

Before: TATEL, BROWN and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*:  Awaiting trial on rape charges, Mark Weathers attempted to have the prosecutor, an informant, and the rape victims murdered.  For that attempt, he was subsequently convicted on all counts of a six-count indictment. In his direct appeal, Weathers argued (1) two of the six counts duplicated other counts in the indictment and hence violated the Double Jeopardy Clause, and (2) his trial attorney provided ineffective assistance by failing to assert that claim in a timely manner.  This court rejected Weathers's double jeopardy challenge, ruling he waived the claim by failing to raise it before trial, but remanded the ineffective assistance of counsel claim for an initial determination by the district court.  *See United States v. Weathers*, 186 F.3d 948 (D.C. Cir. 1999).  On remand, the district court rejected Weathers's ineffective assistance claim — a decision he now appeals.  We affirm the district court as to one of the counts, but reverse as to the other.  Because we find Weathers's trial counsel provided constitutionally inadequate assistance by failing to challenge Count Five of Weathers's indictment, we vacate Weathers's conviction on that count and remand for resentencing.

I

A comprehensive recital of the underlying facts in this case appears in the opinion resolving Weathers's initial appeal. *Weathers*, 186 F.3d at 949–51.  A brief summary suffices here. In August 1996, Weathers was awaiting trial in several cases involving thirty-seven counts of rape and related offenses against five victims.  Before the first trial began, the prosecutor, Assistant United States Attorney (AUSA) Bernadette Sargeant, learned from an informant that Weathers had plotted to kill the victims to prevent them from testifying.  After an investigation, Sargeant brought an additional indictment in the Superior Court of the District of Columbia charging two counts of obstruction of justice.

Later, in March 1997, the FBI learned from an inmate that Weathers had asked for help in hiring someone to kill Sargeant, the earlier informant, and the five victims. At the FBI's request, the inmate recorded a conversation with Weathers in which Weathers offered to pay $20,000 to have the prosecutor killed. Later that same month, a police officer, posing as a hit man, met with Weathers in jail and recorded their conversation. Among other things, Weathers instructed the officer to kill one of the rape victims and "cut [the] head off" the first informant. Weathers explained that his friend, Maurice Logan, would pay for the killings. When the police searched Logan's apartment, they found a March 9, 1997 letter from Weathers asking Logan to "get at" the rape victims by burning down their houses.

Based on that evidence, Weathers was indicted in federal district court on six counts. Counts One and Two, which are not at issue in this proceeding, charged, respectively, use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958, and threatening to injure a person in violation of D.C. CODE § 22-2307 (1981).[1] The remaining counts, which are at issue here, charged:

- Count Three: obstruction of justice, in violation of D.C. CODE § 22-722(a)(6);

- Count Four: threatening a federal official, in violation of 18 U.S.C. § 115;

- Count Five: threatening to injure a person, in violation of D.C. CODE § 22-2307 (1981); and

- Count Six: obstruction of justice, in violation of D.C. CODE § 22-722(a)(6).

---

[1] Recodified at D.C. CODE § 22-1810 (2001).

Specifically, Count Three's obstruction of justice charge related to Weathers's attempts to "impede, intimidate, interfere with and retaliate against witnesses," while Count Six's charge under the same code provision related to his attempts against the prosecutor. Counts Four and Five both specifically related to Weathers's threats directed at the prosecutor, while Count Two related to Weathers's threats to injure witnesses.

Weathers was convicted by a jury on all six counts and was sentenced by the court to: (1) ten years' imprisonment on Count One; (2) 80–240 months on each of Counts Two and Five; (3) fifteen years to life on each of Counts Three and Six; and (4) five years' imprisonment on Count Four. The court ordered the sentences on the federal crimes — Counts One and Four — to run consecutively. The court also ordered consecutive sentences on the D.C. crimes — Counts Two, Three, Five, and Six — but ordered that the D.C. sentences run concurrently with the federal sentences. *Weathers*, 186 F.3d at 950–51.

Weathers appealed his conviction, arguing for the first time that the indictment was flawed because it had multiplicitous counts — that is, that the indictment charged the same offense in more than one count in violation of the Double Jeopardy Clause. Specifically, Weathers argued his conviction on Count Four for threatening an official (the prosecutor) in violation of 18 U.S.C. § 115, and his conviction on Count Five for threatening a person (also the prosecutor) in violation of D.C. CODE § 22-2307, constituted two convictions for the same offense. *Weathers*, 186 F.3d at 951. He also argued his two obstruction of justice convictions (Counts Three and Six) under the same D.C. Code provision — D.C. CODE § 22-722(a)(6) — constituted two convictions for a single offense. *Weathers*, 186 F.3d at 952. We declined to address the multiplicity claims on their merits because they had been waived by Weathers's failure to

raise them before trial. *Id.* at 958. Weathers had a fallback position, however: that his trial counsel's failure to timely raise the multiplicity claims constituted ineffective assistance. In accord with this court's general practice, we remanded that claim to the district court for an evidentiary hearing. *Id.*

On remand, the district court heard testimony from Weathers's trial counsel. The government acknowledges trial counsel's testimony "was less tha[n] perfectly clear." Appellee's Br. 22. When asked generally whether he considered challenging Weathers's indictment on double jeopardy grounds, counsel replied he "didn't think that double jeopardy was involved." When asked specifically whether he considered whether Counts Six and Three — both charging obstruction of justice violations under the same provision of the D.C. Code — charged the same conduct, he replied he didn't "believe they did charge the same" because "[o]ne is Federal and one is District" and "[t]he elements of the offense are different." After it was pointed out to him that both were District offenses, counsel stated further that he "thought they charged different criminal conduct" and had "different people involved." And when asked about Counts Four and Five — both relating to Weathers's threats against the prosecutor — counsel explained he "did not think there were any double jeopardy counts. One was to injure a person, and one was to injure a federal officer. They are two different things."

Counsel also stated he didn't challenge the indictment because he wanted "to keep everything the way it was and not move to separate various aspects of the indictment." When pressed on that point, he responded: "If you get each and every one of them separated out of — broken up, then I have more counts, I have some fifteen counts." Elaborating during cross-examination, counsel explained: "If I file a multiplicitous motion I give the government a chance to file a superseding

indictment, and I run the risk of losing when they have ten, eleven, fifteen counts, whatever number they are going to get."

The district court issued a memorandum decision denying Weathers's claims. *United States v. Weathers*, Cr. No. 97-165, 2006 U.S. Dist. LEXIS 9587 (D.D.C. Feb. 8, 2006). Applying the two-part analysis established by the Supreme Court in *Strickland v. Washington*, the court assessed whether: "(1) 'counsel's representation fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'" *Id.* at *4 (citation omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). The court found deficiencies on both prongs. Regarding *Strickland*'s first requirement, Weathers argued his trial counsel's representation "'fell below an objective standard of reasonableness' because counsel (1) failed to assess his double jeopardy claims before trial and (2) continued to believe at the evidentiary hearing that Defendant's double jeopardy claims were without merit." *Id.* Relying on the trial counsel's testimony at the hearing, the court rejected that argument:

> [C]ounsel's decision not to challenge the indictment was based on a reasonable strategic and tactical judgment. Counsel testified that he had considered the possibility of a double jeopardy violation but did not challenge the indictment because the Government could have corrected any flaws by filing a superseding indictment containing more charges. Although there is no legal research in counsel's file on the issue of double jeopardy, counsel credibly testified, as an experienced criminal defense lawyer, that he considered the issue and made a tactical judgment based on his assessment of the severity and circumstances of Defendant's crimes. . . . Given the facts of the case, this assessment was quite reasonable and was not professionally

deficient. Thus, Defendant does not satisfy the first prong of the *Strickland* test.

*Id.* at *5–6 (citation omitted).

The court further reasoned that, even assuming counsel's representation was deficient, Weathers was not prejudiced as a result and therefore his claims also failed under *Strickland*'s second prong. *Id.* at *6. Here, the court considered each of Weathers's double jeopardy claims separately, determining that both failed on the merits. The court explained that Counts Four and Five could not merge because each "requires proof of an additional fact which the other does not." *Id.* at *8 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Specifically, Count Four — threatening a *federal official* in violation of 18 U.S.C. § 115 — uniquely requires the victim be a federal officer. And surveying District of Columbia cases discussing the D.C. statute underlying Count Five — threatening to injure a person in violation of D.C. CODE § 22-2307 — the court concluded that Count Five requires a threat of *serious* bodily harm, which Count Four does not. *Weathers*, 2006 U.S. Dist. LEXIS 9587, at *8–10. As for Counts Three and Six, the court explained they did not merge because, even though the two counts charged violations of the same subsection of the D.C. Code, they related to different obstruction attempts. *Id.* at *10–12.

## II

Weathers's appeal from the district court's decision presents two ineffective assistance of counsel claims: one relating to Counts Three and Six of the indictment, and the other to Counts Four and Five. Both claims arise from purported violations of his double jeopardy rights. "The Fifth Amendment guarantee against double jeopardy protects not only against a second trial

for the same offense, but also against multiple punishments for the same offense." *Whalen v. United States*, 445 U.S. 684, 688 (1980) (internal quotation marks omitted). This court has already decided Weathers cannot directly challenge his convictions on double jeopardy grounds because he waived those claims by failing to raise them at trial. *Weathers*, 186 F.3d at 958. Nonetheless, because to prevail on his ineffective assistance claims Weathers "must demonstrate both deficient performance and prejudice to him," the merits of his double jeopardy claims reassert themselves in this appeal. *United States v. Williams*, No. 04-3157, __ F.3d __, 2007 U.S. App. LEXIS 12637, at *15 (D.C. Cir. June 1, 2007).

We evaluate each of Weathers's claims independently. In doing so, we apply *Strickland v. Washington*'s two-part test, inquiring (1) whether "counsel's representation fell below an objective standard of reasonableness," and (2) whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 688, 694. In assessing whether counsel's representation was reasonable, we "consider[] all the circumstances," recognizing "the wide latitude counsel must have in making tactical decisions." *Id.* at 688–89. Our review of counsel's performance "must be highly deferential" — "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

## A

As noted, Counts Three and Six relate to obstruction attempts targeted at different individuals (the witnesses and the prosecutor, respectively) but both allege violations of the same subsection of D.C.'s obstruction of justice statute. That subsec-

tion provides: "A person commits the offense of obstruction of justice if that person . . . [c]orruptly, or by threats of force, [in] any way obstructs or impedes or endeavors to obstruct or impede the due administration of justice in any official proceeding." D.C. CODE § 22-722(a)(6). Subsection (a)(6) is the omnibus provision of D.C.'s obstruction of justice statute; the statute's other subsections are directed at specific types of obstructive conduct. *See id.* § 22-722(a)(1)–(5). It is not clear why the government in Counts Three and Six charged Weathers under the omnibus provision instead of one of the other more specific provisions. But the fact is, it did.

Weathers argues Counts Three and Six charge the same offense, and thus his convictions for both constitute a double jeopardy violation. When two violations of the same statutory provision are charged, we evaluate whether only a single offense is involved by "asking what act the legislature intended as the 'unit of prosecution' under the statute." *Weathers*, 186 F.3d at 952 (citing *Sanabria v. United States*, 437 U.S. 54, 70 n.24 (1978)). Weathers's argument therefore turns on the proper "unit of prosecution" for D.C. CODE § 22-722(a)(6).

Relying primarily on the provision's language, Weathers contends that an "individual" is not an allowable unit of prosecution under subsection 22-722(a)(6). Because, according to Weathers, Counts Three and Six differ only in that they relate to different individuals, they must merge. And because he was convicted and received separate sentences for both counts, Weathers contends he fulfills both prongs of *Strickland* — that is, it was unreasonable for his trial counsel not to challenge the counts as multiplicitous, and he was prejudiced by that failure.

But as Weathers recognizes, even if he is correct that Counts Three and Six merge, that is not itself sufficient for him to prevail in this appeal, because this is an ineffective assistance

claim, not a direct challenge to his convictions on double jeopardy grounds.  The crux of an ineffective assistance claim is not simply whether trial counsel neglected to press a viable legal argument, but whether counsel's failure to do so was objectively unreasonable under the circumstances.  Indeed, for Counts Three and Six it is not necessary for us to address merger because, even assuming the two counts merge, Weathers's counsel still acted reasonably in not challenging them.

Weathers concedes the government originally could have brought multiple obstruction charges against him under various subsections of D.C. CODE § 22-722 authorizing similar sentences.  *See* Appellant's Reply Br. 2, 5–6 & n.1, 9.  He also concedes that if he had successfully challenged Counts Three and Six as multiplicitous, "the government could have 'cured' the errors by returning a superseding indictment again charging [multiple] offenses authorizing similar sentences."  *Id.* at 5–6.  Weathers is plainly correct in that regard.  Because Weathers endeavored to obstruct multiple criminal proceedings involving multiple individuals on multiple occasions, there are many ways the government could have restructured its indictment to avoid unit of prosecution concerns, and any restructuring would almost certainly have resulted in *more* obstruction of justice counts against Weathers under D.C. CODE § 22-722.  Thus, for example, if the government had returned a superseding indictment relying on a relevant subsection that clearly permits an "individual" as a unit of prosecution,  *see id.* § 22-722(a)(2), it could have replaced Counts Three and Six with seven obstruction counts — one each for the five victims, the prosecutor, and the first informant.  Or, if the government had focused instead on "proceedings," *see id.* § 22-722(a)(2), (6), it could have replaced Counts Three and Six with six obstruction counts — one for each of the five rape cases and one for the obstruction case then pending in Superior Court.  Alternatively, even focusing exclusively on Weathers's discrete acts or "endeavors"

to obstruct, *see id.* § 22-722(a)(2), the government could have returned a superseding indictment with three counts — one for his second attempt to solicit a fellow inmate's help in killing witnesses, one for his solicitation of the undercover police officer posing as a hit man, and one for his letter to Logan asking him to burn down witnesses' houses. And had the government returned an indictment breaking Weathers's obstruction attempts down even further — for example, by proceedings per endeavor — the number of counts would have multiplied even more.

Before the district court on remand, Weathers's trial counsel testified he specifically considered the possibility of a superseding indictment with more counts and made a "tactical decision" not to challenge the indictment on multiplicity grounds. As explained, that decision made perfectly good sense with regard to Counts Three and Six. *Strickland*'s first prong asks whether "counsel's representation fell below an *objective* standard of reasonableness." 466 U.S. at 688 (emphasis added). Given the very real possibility of a worse superseding indictment, and the strong deference accorded trial counsel's strategic choices, *id.* at 691, we cannot say the decision made by Weathers's trial counsel was objectively unreasonable. Hence, Weathers's ineffective assistance claim relating to Counts Three and Six fails on the first prong of *Strickland*.

Weathers argues his trial counsel could not have made an informed strategic decision, because the counsel's testimony establishes "at best that he judged, mistakenly, [a double jeopardy claim] to be meritless." But evaluating the merit of Weathers's Counts Three and Six merger claim was unnecessary to the tactical choice his trial counsel faced. Even assuming the merger argument was a slam-dunk, counsel still had to consider the threat of a worse superseding indictment. As the Supreme Court explained in *Strickland*, "strategic choices made after less

than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations *or to make a reasonable decision that makes particular investigations unnecessary.*" *Id.* at 690–91 (emphasis added). In this instance, it was not necessary that counsel know whether the merger claim had merit for him reasonably to decide it was not in his client's best interest to pursue it.[2]

B

Weathers's second ineffective assistance of counsel claim relates to Counts Four and Five of his indictment. Both counts pertain to Weathers's threats to injure the prosecutor. Unlike Counts Three and Six, Counts Four and Five charge under different statutes — one under federal law and the other under the D.C. Code. Count Five charged Weathers with threatening to injure a person, in violation of D.C. CODE § 22-2307. Count Four charged him with threatening a federal official, in violation of 18 U.S.C. § 115. Weathers contends Count Five is a lesser included offense of Count Four, and therefore the counts merge.

As this court explained in Weathers's first appeal:

---

[2] Weathers also argues that it may have constituted "prosecutorial vindictiveness" for the government to respond to a multiplicitous challenge by replacing Counts Three and Six with more obstruction counts. Appellant's Br. 10 (citing *United States v. Meyer*, 810 F.2d 1242, 1245–46 (D.C. Cir. 1987)). That argument has no merit. Where one or more counts of an indictment are defeated pretrial because of a curable defect, merely curing the defect does not constitute prosecutorial vindictiveness. *See Meyer*, 810 F.2d at 1246 (citing *United States v. Goodwin*, 457 U.S. 368, 381–84 (1982)) ("[A] prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption [of vindictiveness] in the pretrial context.").

> To determine whether Congress intended two statutory provisions to proscribe the same offense, the Supreme Court has applied the rule set forth in *Blockburger v. United States*: "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

*Weathers*, 186 F.3d at 951 (alteration omitted) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Count Four's § 115 proscribes "threat[s] to assault, kidnap, or murder, a United States official . . . with intent to impede, intimidate, or interfere with such official . . . while engaged in the performance of official duties . . . ." 18 U.S.C. § 115(a)(1)(B). Count Five's § 22-2307 proscribes "threat[s] . . . to injure the person of another . . . ." Plainly, Count Four requires proof of facts not required by Count Five; namely, that the threatened individual is "a United States official" and there was "intent to impede . . . the performance of official duties." Less clear is whether Count Five requires proof of any element not required by Count Four. Weathers insists it does not.

Prior to this appeal, the government argued Count Five requires proof of an independent fact; namely, that, unlike § 115, the D.C. statute requires a threat of *serious* injury. Although § 22-2307 on its face contains no such requirement, the government relied on the model jury instructions for the threats statute, as well as District of Columbia cases suggesting that serious bodily injury is an element of that statute. *See, e.g.*, *United States v. Baish*, 460 A.2d 38, 42 (D.C. 1983). The government's argument was sufficiently compelling to convince the district court, which, relying on the District of Columbia Court of Appeals's "most recent cases," interpreted § 22-2307 to require a threat of *serious* injury and concluded that "[c]ount

five, therefore, is not a lesser-included offense of count four." *Weathers*, 2006 U.S. Dist. LEXIS 9587, at *9–10.

But the government has changed its mind.  At some point between prevailing in district court and preparing for this appeal, the government discovered its litigating position in this case is inconsistent with its broader attempt to persuade D.C. courts that serious bodily injury is *not* an element of D.C.'s threats statute. Thus, the government now agrees with Weathers "that his convictions under Count Four . . . and Count Five . . . merge under *Blockburger*" because "Count Five does not contain an element that is not present in Count Four."  Appellee's Br. 38.

The government's concession that Counts Four and Five merge does not necessarily mean Weathers prevails on his claim, however.  This court has already decided it is too late for Weathers to directly challenge his convictions as multiplicitous. *See Weathers*, 186 F.3d at 958.  Weathers can only prevail in this appeal if he can show his trial counsel's failure to press the merger claim constituted ineffective assistance of counsel.  To do so, Weathers must satisfy *Strickland*'s two-part test, showing his counsel's actions were both objectively unreasonable and prejudicial.

We are persuaded the failure of counsel to challenge Counts Four and Five as multiplicitous was ineffective under *Strickland*. We see no evidence counsel made a reasoned tactical decision for Counts Four and Five like that made with regard to Counts Three and Six.  As noted, counsel's testimony was not pellucid, and so it is impossible to foreclose entirely the possibility that his concern about a worse superseding indictment extended to Counts Four and Five.  But as the government conceded at oral argument, counsel's confusing testimony regarding his concern about a worse superseding indictment is best interpreted as relating to counts Three and Six, not Four and Five.

The district court's opinion rejecting Weathers's ineffective assistance of counsel claims further supports this interpretation. The court determined that "counsel's decision not to challenge the indictment was based on a reasonable strategic and tactical judgment," but the opinion does not explicitly indicate to *which* decision it is referring — Counts Three and Six, Counts Four and Five, or both. *Weathers*, 2006 U.S. Dist. LEXIS 9587, at *5. The opinion continues, however: "Counsel testified that he had considered the possibility of a double jeopardy violation but did not challenge the indictment because the Government could have corrected any flaws by filing a superseding indictment containing more charges." *Id.* The concern about the government "correct[ing] any flaws" with "*more* charges" has no applicability to Counts Four and Five. Thus, the district court's opinion supports, albeit indirectly, that counsel's "strategic and tactical judgment" was limited to Counts Three and Six, which, as explained, presented a real possibility of a superseding indictment with "more charges."

Moreover, the reason provided by Weathers's trial counsel for not challenging Counts Four and Five is not objectively reasonable. When asked if he considered "whether there were any double jeopardy concerns with regard to counts four and five," counsel replied: "I did not think that there were any double jeopardy counts. One was to injure a person, and one was to injure a federal officer. They are two different things." Of course, not every person is a federal officer, but presumably every federal officer is a person.[3] Thus, the rationale given by counsel for not pursuing a double jeopardy claim is inadequate in light of *Blockburger*'s requirement that "*each* provision require[] proof of a fact which the other does not." 284 U.S. at 304 (emphasis added).

---

[3] This testimony brings to mind the humorous statement that, in D.C., there are more lawyers than people.

And finally, had Weathers's counsel challenged Counts Four and Five as multiplicitous, there is a reasonable probability that the challenge would have successfully reduced his indictment by one count. There are at least three independent arguments supporting merger for Counts Four and Five. We do not find it necessary to resolve any of those arguments on their merits, for under *Strickland* Weathers need show only "a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694 (emphasis added). We are satisfied there is a reasonable probability Weathers would have prevailed on one of the merger arguments briefly limned below.[4]

First, Weathers contends — and the government joins this argument on appeal — that Count Five's § 22-2307 does not require a showing of threatened *serious* injury; "[n]umerous D.C. cases have discussed the elements of § 22-2307 without mention of a requirement that the threatened injury be serious." Appellant's Br. 11–12 (citing, *inter alia*, *Joiner v. United States*, 585 A.2d 176, 179 (D.C. 1991); *Holt v. United States*, 565 A.2d 970, 971 (D.C. 1989) (en banc)). Recognizing that more recent cases have included seriousness in the listed requirements of § 22-2307, Weathers notes that they have done so "without discussion of its origin or basis as an element of the statute." *Id.* at 12. Elaborating on this, the government in its brief points out

---

[4] Part of our hesitation in definitively deciding any of Weathers's merger claims is that none of them has been subjected to "the crucible of litigation — the presence of parties motivated to present a neutral court with the most persuasive arguments." *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 333 (1987) (Williams, J., concurring and dissenting). The government conceded on appeal that Counts Four and Five merge, and thus did not attempt to rebut any merger arguments relating to those counts.

the seriousness requirement was first added without explanation in *Campbell v. United States*, 450 A.2d 428, 431 n.5 (D.C. 1982), perhaps in reliance on a model jury instruction. Appellee's Br. 40. The government suggests that *Campbell*'s unexplained change was simply carried forward by later cases citing to *Campbell* or its progeny, and that there was never a deliberate decision to make seriousness an element of § 22-2307. The government has presented this argument to the District of Columbia Court of Appeals in recent criminal cases, but so far the court has not found it necessary to decide the issue. Nonetheless, both Weathers and the government point to a footnote in the recent case of *Jenkins v. United States*, 902 A.2d 79, 86 n.10 (D.C. 2006), as casting some doubt on the continued viability of the seriousness requirement. Appellant's Br. 12; Appellee's Br. 41–42. In sum, while the question remains open whether § 22-2307 requires a showing of threatened serious injury, both Weathers and the government agree there is a compelling argument it does not. And, if Count Five does not require a showing of threatened *serious* injury, then Counts Four and Five merge, because Count Five does not require proof of an element not present in Count Four.

Second, Weathers argues that even if Count Five's § 22-2307 does require threatened serious injury, Counts Four and Five nonetheless merge. Weathers contends the part of Count Four's § 115 relevant for comparison purposes under *Blockburger* is not its broader prohibition against "threat[s] to assault, kidnap, or murder," but rather the specific sub-offense of "threat[s] to . . . murder." Appellant's Br. 14 (citing *Whalen v. United States*, 445 U.S. 684, 694 (1980), and *United States v. White*, 116 F.3d 903, 931 (D.C. Cir. 1997) (per curiam)). Thus, even if Count Five requires the threatened injury be serious, Weathers argues that requirement overlaps with the "threat[] to . . . murder" element of Count Four, and the two counts merge. *See White*, 116 F.3d at 931 ("An offense . . . constitutes a lesser

included offense even if it overlaps with only one of several offenses listed in the statute criminalizing the greater offense.").

Third, relying on the ambiguity in the law with regard to whether seriousness is a required element of Count Five, Weathers argues the rule of lenity mandates merger. Appellant's Br. 17. It is a "settled rule that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Whalen*, 445 U.S. at 695 n.10 (internal quotation marks omitted) (quoting *United States v. Bass*, 404 U.S. 336, 347 (1971)); *see also Ladner v. United States*, 358 U.S. 169, 177–78 (1958); *Bell v. United States*, 349 U.S. 81, 84 (1955). This court has previously applied the rule of lenity in resolving ambiguity in favor of merger. *See United States v. Cunningham*, 145 F.3d 1385, 1398–99 (D.C. Cir. 1998).

There is a reasonable probability Weathers would have prevailed on one of these merger arguments. Moreover, in contrast to Counts Three and Six, there is nothing in the record to indicate that Weathers's counsel made an objectively reasonable tactical decision in neglecting to challenge Count Five as a lesser included offense of Count Four. Weathers has therefore satisfied *Strickland*'s two-part test with regard to Counts Four and Five.

## III

We affirm the district court's order as to Counts Three and Six, but reverse as to Counts Four and Five. We accordingly vacate Weathers's conviction on Count Five, and remand for resentencing.

*So ordered.*