# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 8, 2010          Decided February 11, 2011

No. 07-3115

UNITED STATES OF AMERICA,
APPELLEE

v.

MARC K. WEATHERS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 97cr00165-02)

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender.

*Elizabeth Gabriel*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman* and *Angela G. Schmidt*, Assistant U.S. Attorneys. *Roy W. McLeese III*, Assistant U.S. Attorney, entered an appearance.

Before: TATEL, *Circuit Judge*, and WILLIAMS and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*:  The question is whether the district court's written judgment setting forth the defendant's sentence contradicted the court's oral pronouncement of the sentence or instead clarified it.

While in prison awaiting trial on thirty-some counts of rape and related offenses, Marc K. Weathers took steps to have the prosecutor, the rape victims and an informant murdered.  *See United States v. Weathers*, 186 F.3d 948, 949-51 (D.C. Cir. 1999).  For these crimes, he was convicted on two federal and four D.C. Code counts.  At the sentencing hearing in 1997, the district court ordered Weathers' sentences on the federal counts (counts one and four) to run consecutively and his sentences on the D.C. counts (counts two, three, five and six) to run consecutively to each other and concurrently with the sentences on the federal counts.  We vacated Weathers' conviction on count five and remanded for resentencing.  *United States v. Weathers*, 493 F.3d 229, 239 (D.C. Cir. 2007).

By the time of the resentencing hearing in 2007, the Sentencing Guidelines had become advisory only.  *See United States v. Booker*, 543 U.S. 220, 245 (2005).  Weathers urged the court to give him a sentence below the Guidelines range and to impose concurrent, rather than consecutive, terms of imprisonment.  After giving Weathers and his counsel the opportunity to speak, the court explained that it was "going to impose the sentence that was . . . imposed approximately ten years ago."  The court went on to describe the sentence it was ordering.  The terms of imprisonment were identical to the previous sentence, save for the vacated count five.  The court said that the sentences on the two federal counts (one and four) were to run consecutively to each other and concurrently with

the sentences on the D.C. counts, as they had in the 1997 sentence.  The court did not mention whether the sentences on the D.C. counts were to run consecutively to each other, as they had in the original sentence.  The written judgment form, signed a week later, ordered the sentences on the D.C. counts to run consecutively to each other and concurrently with the federal sentences.

 Federal law provides that multiple terms of imprisonment imposed at the same time run concurrently unless the court orders that they run consecutively.   18 U.S.C. § 3584(a). Because the court did not, at the resentencing hearing, say the D.C. sentences were to run consecutively and because "the written judgment form is a nullity to the extent it conflicts with the previously pronounced sentence," *United States v. Booker*, 436 F.3d 238, 245 (D.C. Cir. 2006), Weathers reasons that his sentences on the D.C. counts must run concurrently with each other.

If the concern is with accuracy, one wonders why a court's oral pronouncement of a sentence would ever take precedence over its written judgment.  It is commonly understood that the written word is usually more precise than the spoken word.  The writer can be more deliberate and careful in his choice of language, he can edit his writing before publishing it and he may have more time to formulate what he wishes to convey.  (Of course there may be no appreciable difference if the speaker is simply reciting a written text; there is no indication the court was doing so here.)

Yet the law is settled that the oral sentence controls.  *See United States v. Love*, 593 F.3d 1, 9 (D.C. Cir. 2010).  As a result of a 2004 amendment, the principle is now reflected in the Federal Rules of Criminal Procedure.   *See* FED. R. CRIM. P. 35(c).  One supporting theory is that the defendant has a right

to be present at sentencing and that permitting the written judgment to control would be tantamount to sentencing the defendant *in absentia*. *See United States v. Villano*, 816 F.2d 1448, 1452-53 (10th Cir. 1987) (en banc); *see also* FED. R. CRIM. P. 43. Another theory, often repeated, is that the oral sentence is the actual judgment of the court and the written judgment is merely evidence of the actual judgment. *See, e.g.*, *Booker*, 436 F.3d at 245; *Gilliam v. United States*, 269 F.2d 770, 772 (D.C. Cir. 1959); *Villano*, 816 F.2d at 1452-53; *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974). This rationale seems more conclusory than analytical. Rule 32(k) of the Federal Rules of Criminal Procedure, which specifies what the judgment in a criminal case must contain, plainly contemplates a written judgment—the "judge must sign the judgment, and the clerk must enter it." The written judgment, then, would seem to be the "actual" judgment, not merely evidence of it. *See also* FED. R. APP. P. 4(b)(1)(A) (the defendant's notice of appeal must be filed within 14 days of "the entry of . . . the judgment"); *Pollard v. United States*, 352 U.S. 354, 360 & n.4 (1957); *Richards v. United States*, 192 F.2d 602, 603-04 (D.C. Cir. 1951).

Although the written judgment does not control, it is not an empty formality. The written judgment may clarify ambiguities in the court's oral statements. *Love*, 593 F.3d at 9. "Therefore, we will not remand for the district court to correct a written judgment that clarifies—rather than contradicts—the oral pronouncement of sentence." *Ibid.*

So here. Although the district court did not use the word "consecutively" in pronouncing sentence on the D.C. counts, the court had stated a moment earlier that it was "going to impose *the sentence* that . . . [it] imposed" at Weathers' first sentencing, a sentence that included consecutive terms for the D.C. violations. An ambiguity thus arose. The written judgment did

not contradict anything the court said, but it did make clear that the sentences on the D.C. counts were to run consecutively. That was entirely consistent with the court's statement that the new sentence would be the same as the old one (with the exception of count five, as everyone understood). And the combination of the oral sentence and the written judgment satisfied 18 U.S.C. § 3584(a)'s requirement that the court affirmatively order consecutive sentences.

Weathers thinks his case is indistinguishable from the en banc decision of the Tenth Circuit in *United States v. Villano*. But there is an essential difference. The *Villano* court found that the written judgment contradicted the spoken judgment. 816 F.2d at at 1451. Here there would be a contradiction only if we assumed that the spoken judgment made the D.C. sentences run concurrently. To make that assumption would be to assume away the question in the case and ignore the district court's statement that it was imposing the same sentence as it had imposed ten years earlier.

*Affirmed.*