# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2021

Lyle W. Cayce
Clerk

No. 20-20080

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacob Nash,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-652

Before Owen, *Chief Judge*, and Graves and Ho, *Circuit Judges*.
Per Curiam:[*]

Jacob Nash pleaded guilty to possession of a firearm by a felon and was sentenced to 42 months' imprisonment and three years of supervised release. On appeal, he challenges two conditions of his supervised release. He complains that the court's verbal articulation of one of the conditions during his sentencing hearing differed from what appeared in the court's written

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

judgment. He further complains that another condition was not spelled out by the judge in person during sentencing at all and appeared only in the written judgment. We affirm on the ground that the district court verbally adopted both conditions by reference to the written appendix of his presentence investigation report, and that such verbal adoption was sufficient under our precedents.

## I.

Nash pleaded guilty without a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In addition to the mandatory and standard conditions of supervised release, his presentence investigation report ("PSR") recommended several special conditions of supervised release relating to "Substance Abuse Treatment, Testing, and Abstinence" and "Mental Health Treatment." These recommendations appear in the PSR's appendix and were included in the district court's written judgment. With respect to the "Mental Health Treatment" category, the district court directed Nash to "participate in a mental health treatment program and follow the rules and regulations of that program" and to "pay the cost of the program, if financially able." In addition, Nash was required to "take all mental-health medications that are prescribed by [his] treating physician" and to "pay the costs of the medication, if financially able."

At sentencing, Nash acknowledged that he had reviewed the PSR with his counsel and had no objections to any of the conditions of supervised release found in the appendix.[1] The district court subsequently "adopt[ed]

---

[1] Nash's counsel objected to only one paragraph of the PSR describing the circumstances of Nash's apprehension for the underlying offense, but the district court noted—and Nash's counsel agreed—that neither the objection nor any ruling on it would affect the judge's sentencing decision.

No. 20-20080

the factual findings and guideline applications in the presentence investigation report" and sentenced Nash to a 42-month term of imprisonment, followed by a three-year term of supervised release. In his oral pronouncement, the judge also enumerated the special conditions found in the appendix. However, he added that the required mental health treatment program would have "an emphasis on gambling"—an emphasis that was not expressed in the PSR or the written judgment—and did not expressly announce the requirement that Nash take the mental health medications his physician prescribed.

Nash timely appealed, contending that the mental health treatment and medication conditions found in the written judgment conflict with those pronounced orally at sentencing and must therefore be stricken from the written judgment.

## II.

Under the Due Process Clause of the Fifth Amendment, a defendant has the right to be present at sentencing. *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836). To satisfy this right, the district court must orally pronounce a defendant's sentence. *Id.* at 556–57 (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam)). As a result, "[i]ncluding a sentence in the written judgment that the judge never mentioned when the defendant was in the courtroom is 'tantamount to sentencing the defendant *in absentia*.'" *Id.* at 557 (quoting *United States v. Weathers*, 631 F.3d 560, 562 (D.C. Cir. 2011)). Therefore, if the oral pronouncement at sentencing conflicts with the written judgment, the oral pronouncement must control. *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). Nash contends that two conditions in his written judgment conflict with his orally pronounced sentence.

No. 20-20080

We must first determine the appropriate standard that governs Nash's claims. For a defendant's objection to a condition of supervised release raised for the first time on appeal, the governing standard depends on whether the defendant had the opportunity to object before the district court. *Id.* (citing *Diggles*, 957 F.3d at 559–60). If the defendant had the opportunity at sentencing and failed to do so, we review only for plain error, and thus require the defendant "to show an obvious error that impacted his substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings." *Diggles*, 957 F.3d at 559. If the defendant had no opportunity to object, we review for abuse of discretion. *Id.* (citing *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006)); *United States v. Rivas-Estrada*, 906 F.3d 346, 348 (5th Cir. 2018).

Nash argues that we must review for abuse of discretion because the district court did not orally pronounce the challenged special conditions that appear in the written judgment. He further contends that, because the oral pronouncement must control when it diverges from the written judgment, we must vacate and remand. The Government maintains that plain error review applies because the district court adopted the PSR, including the appendix, at the sentencing hearing, and therefore Nash had an opportunity to object. The government further contends that the mental health treatment program requirement included in the appendix does not conflict with the oral pronouncement, and that the appendix included the prescribed mental health medication requirement. Nash would therefore fail at the first prong of plain error review because there would be no error at all, let alone a clear and obvious one. *See Diggles*, 957 F.3d at 560.

Under *Diggles*, we must decide whether the special conditions are "required or discretionary under the supervised release statute." *Id.* at 559. That is because a sentencing court must orally pronounce discretionary conditions of supervised release. *Id.* at 563. The government concedes that

4

the special conditions at issue here are discretionary and had to be pronounced at sentencing.

We next examine the district court's pronouncement of the special conditions.  The oral pronouncement requirement does not demand a "word-for-word recitation of each condition."  *Id.* at 562.  Instead, the conditions can be enumerated in the PSR, "the centerpiece of sentencing," and the sentencing court can pronounce the special conditions by orally adopting in full the PSR in which they are listed.  *Grogan*, 977 F.3d at 352 (citing *Diggles*, 957 F.3d at 560).  In fact, this method of adopting written recommendations works to the defendant's advantage as it "affords earlier notice than when a defendant hears conditions for the first time when the judge announces them."  *Diggles*, 957 F.3d at 561 (citing *United States v. Lewis*, 823 F.3d 1075, 1082 (7th Cir. 2016) (asserting that "[t]here were no surprises in the sentencing hearing related to supervised release" when the court adopted the conditions recommended in the PSR)).

In *Grogan*, for example, the defendant received the PSR before sentencing, reviewed it with his attorney, and made no objection when it was adopted "in full."  977 F.3d at 351–53.  We held that *Diggles* was satisfied because this method gave the defendant notice of the recommended conditions and an opportunity to object.  *Id.* at 352–53.  *See also United States v. Harris*, 960 F.3d 689, 696 (5th Cir. 2020) (holding that the district court's adoption of the PSR in full provided notice to the defendant).

*Grogan* does not turn on the fact that the district court verbally adopted the PSR "in full."  It was sufficient that the defendant there had "notice of the recommended conditions and an opportunity to object" because the special conditions in the PSR were set out "exactly as they appear[ed] in the judgment"; the defendant received the PSR six weeks before the sentencing hearing and had the opportunity to review it with his

attorney; and the defendant did not object to the recommended special conditions in the PSR at sentencing. *Id.* at 352 (citing *Diggles*, 957 F.3d at 560 ("When the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the defendant an opportunity to object.")).

The sentencing court here "adopt[ed] the factual findings and guideline applications in the presentence investigation report." As in *Grogan*, the special conditions Nash challenges are set out in the PSR exactly as they appear in the written judgment. The PSR, including its appendix, was made available to Nash and his counsel on January 10, 2020, nearly six weeks before his sentencing hearing on February 18, 2020. Nash then confirmed that he reviewed the PSR with his attorney, and he did not object to any of the sentencing conditions at the sentencing hearing.

We have previously found similar language as that used by the judge here sufficient to satisfy *Diggles*. *United States v. Medel-Guadalupe*, 979 F.3d 1019, 1025 n.6 (5th Cir. 2020) (finding that notice of special conditions listed in the PSR appendix was sufficient because "the district court expressly adopted the factual findings and guideline applications of the PSR which contained the appendix"). The district court here satisfied the oral pronouncement requirement when the judge orally adopted at Nash's sentencing hearing the "factual findings and guideline applications in the presentence investigation report."

Because Nash did not object when the district court orally adopted the PSR's special conditions, despite having notice and the opportunity to do so, plain error review applies.

We find no error, plain or otherwise, because there is no disparity between the oral pronouncement and the written judgment. The challenged conditions were included in the appendix, Nash reviewed the special

conditions with his attorney and failed to object to them before and during the sentencing hearing, and the district court orally adopted the PSR's special conditions.

Nash contends that the written treatment condition differs from the one orally pronounced at sentencing because the oral pronouncement was limited to mental health treatment for a gambling problem and the written condition lacked this limitation. This argument also fails. The oral pronouncement indicated that the required mental health treatment program would have "an emphasis on gambling," but the record does not support the contention that treatment was to be limited solely to Nash's gambling problem. The record reflects the court's general concern for Nash's mental health, including his history with "drugs, . . . gambling, . . . or . . . any of the other things [Nash] ha[s] had problems with"; Nash "bluntly asked for any type [of] assistance . . . that would allow him to get his life back on track"; and he reported emotional trauma stemming from his mother's murder. Thus, the written treatment condition was not more burdensome or expansive than the oral condition, which the judge did not limit strictly to gambling. Finally, as we have explained, the treatment condition without any reference to gambling was included in the PSR appendix, which the district court orally adopted and to which Nash failed to object.

Accordingly, we affirm.