# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2020

Lyle W. Cayce
Clerk

No. 18-50433

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

XAVIER GROGAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-256

Before SMITH, CLEMENT, and OLDHAM, *Circuit Judges*.
EDITH BROWN CLEMENT, *Circuit Judge*:

Xavier Grogan was arrested in Midland, Texas, with eleven grams of methamphetamine and an empty pocket where a recently sold .22 caliber revolver had been. Grogan—at 20 years old already well-acquainted with the courts—pleaded guilty to aiding and abetting possession with intent to distribute methamphetamine and unlawful possession of a firearm. The district court sentenced Grogan to imprisonment and supervised release within sentencing guidelines.

No. 18-50433

Grogan challenges three supervision conditions the district court imposed for the duration of his supervised release. He says the district court improperly expanded those conditions because the court's written judgment contains language the court did not pronounce at the sentencing hearing. The Government counters that there is no conflict: the written judgment merely set out in full the conditions that the court adopted at the hearing.

We delayed hearing this appeal pending en banc consideration of *United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc). We said there that a "sentencing court pronounces supervision conditions when it orally adopts a document recommending those conditions." *Diggles*, 957 F.3d at 563. So the only issue here is whether the court's oral pronouncement of truncated versions was such an adoption. We conclude that it was, and we AFFIRM.

## I.

The district court entered Grogan's guilty plea in early 2018 and scheduled sentencing for a few months later. Six weeks before the sentencing hearing, the probation office gave the parties the Presentence Investigation Report (PSR). Among the many findings and recommendations in the PSR were three recommended conditions of supervised release:

> The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

2

No. 18-50433

The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation officer may share financial information with the U.S. Attorney's Office.

To begin the sentencing hearing, the district court asked Grogan's attorney if he had received a copy of the PSR. He had. Grogan and his attorney confirmed they had reviewed it together "multiple times." Grogan did not object to any portion of the PSR, asking instead for only for "a small variance and downward departure" in his prison term. The court adopted the PSR in full, imposed incarceration and supervised release, and then imposed supervision conditions. In addition to the required conditions not at issue here, the court imposed the following discretionary conditions:

Additionally, the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program;

Shall submit to the search condition of the district; [and]

The defendant shall also provide the probation officer with access to any requested financial information and authorize the release of any financial information.

3

Days later, the court entered its written judgment including the three conditions from the PSR set out above, verbatim. Grogan timely appealed.

## II.

A district court must orally pronounce a sentence. *Diggles*, 957 F.3d at 556–57 (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam)). That requirement flows from the defendant's due process right to be present for sentencing. *Id.* at 557 (citing *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam)). "Including a sentence in the written judgment that the judge never mentioned when the defendant was in the courtroom is 'tantamount to sentencing the defendant *in absentia.*'" *Id.* (quoting *United States v. Weathers*, 631 F.3d 560, 562 (D.C. Cir. 2011)); *see* Fed. R. Crim. P. 43(a)(3) ("the defendant must be present at sentencing"). So if the oral pronouncement and the written judgment diverge, the oral pronouncement controls. *Diggles*, 957 F.3d at 557 (citing *United States v. Kindrick*, 576 F.2d 675, 676–77, 677 n.1 (5th Cir. 1978)). In that event, "any burdensome . . . restrictions added in the written judgment must be removed." *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006) (quoting *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004)).

But oral pronouncement does not mean that the sentencing court must recite the conditions word-for-word. *Diggles*, 957 F.3d at 562. The requirement is satisfied when the district court gives the defendant "notice of the sentence and an opportunity to object." *Id.* at 560. One way to do that is to adopt "a written list of proposed conditions." *Id.* Those conditions can come from the PSR, "the centerpiece of sentencing." *Id.* (citing Fed. R. Crim. P. 32). Indeed, that practice works to the defendant's benefit because it "affords earlier notice than when a defendant hears conditions for the first time when the judge announces them." *Id.* at 561 (citing *United States v. Lewis*, 823 F.3d 1075, 1082 (7th Cir. 2016)). Likewise, the court can provide

notice through "oral adoption of courtwide or judge-specific standing orders that list conditions." *Id.* (citing *United States v. Vega*, 332 F.3d 849, 853 (5th Cir. 2003)). Either way, the defendant has "advance notice of possible conditions," and "the in-court adoption of those conditions is when the defendant can object." *Id.*

### III.

### A.

We first establish our standard of review. When a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object before the district court. *See Diggles*, 957 F.3d at 559–60. If he had that chance but failed to do so, we review for plain error. *Id.* at 559; *see* FED. R. CRIM. P. 52(b). If he did not have the opportunity, we review for abuse of discretion. *United States v. Rivas-Estrada*, 906 F.3d 346, 348 (5th Cir. 2018); *see Diggles*, 957 F.3d at 559.

There is no doubt that Grogan had notice of the recommended conditions and an opportunity to object. First, there was the PSR, which set out the three conditions exactly as they appear in the judgment. Grogan had the PSR six weeks before sentencing, and he reviewed it with his attorney "multiple times."

Second, there was the district court's standing order.[1] There too, the court listed all three of the conditions as they appear in the judgment, labeled "Substance Abuse Treatment," "Search," and "Financial Requirements

---

[1] United States District Court for the Western District of Texas, *Conditions of Supervision – Special Conditions*, https://www.txwd.uscourts.gov/judges-information/standing-orders/ (select "District Standing Orders," then "Conditions of Supervision - Special Conditions - Franklin Compliant.pdf").

No. 18-50433

and Restrictions." The standing order gave Grogan advance notice of the possible conditions just like the PSR. *See Diggles*, 957 F.3d at 561.

Third, there was the court's review at the sentencing hearing itself. Recall that Grogan did not object to any portion of the PSR, including the recommended conditions. *See id.* at 560 ("When the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the defendant an opportunity to object.") (citing *United States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016)).

And there was still more. After imposing the conditions, the court paused to emphasize their importance: "Keep in mind, the supervised release part of your sentence is not a throwaway. . . . When you are released, you still have to do what the court tells you to do. It is important to remember that, because you're going to be under the oversight of the court for some time." Even so, Grogan did not lodge an objection that "would have alerted the district court of a possible need to make a more detailed recitation of the discretionary conditions and justify them." *Id.* (citing *Puckett v. United States*, 556 U.S. 129, 134 (2009)).

Since Grogan forfeited his objection, we will review for plain error. *See id.* Accordingly, Grogan must "show an obvious error that impacted his substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings." *Id.* at 559 (citing *Puckett*, 556 U.S. at 135).

B.

We find no error, plain or otherwise. Grogan argues that the written judgment imposes "a more burdensome requirement" than the oral

6

No. 18-50433

pronouncement. *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006).[2] To make this point, he offers a straightforward comparison of the oral pronouncement and the written judgment. To be sure, the district court did not recite verbatim the full text of the conditions later set out in the judgment. But we have not required sentencing courts to do so when their oral pronouncements amount to an adoption of previously provided conditions.

In *Diggles*, the district court announced the conditions of release by directing the parties to the pages of the PSR with the recommended conditions, and then expressly adopting them. 957 F.3d at 555 ("Those are no longer just a recommendation; those are the conditions and special instructions that I have adopted."). This court noted a few reasons why that type of adoption-by-reference is not only permitted but may work to a defendant's benefit.

For one, early access means more opportunity to object. Grogan could have objected before the hearing, when the court asked if he had any objections to the PSR, when the court adopted the PSR, or when the court pronounced the supervisory conditions. *See id.* at 561 & n.7. More, "word-for-word recitation" of the lengthy conditions can make for "a 'robotic delivery' that has all the impact of the laundry list of warnings read during pharmaceutical ads." *Id.* at 562 (quoting *United States v. Cabello*, 916 F.3d 543, 544–45 (5th Cir. 2019) (Higginbotham, J., concurring)). Untethered from formulaic recitation, the court instead emphasized to Grogan the importance of his compliance with the full extent of his sentence, including the supervisory conditions.

---

[2] Neither party elected to submit a letter addressing *Diggles* pursuant to Federal Rule of Appellate Procedure 28(j).

So although the court did not recite the conditions in full, its shorthand reference was adoption all the same. The court recited the first sentences of the substance abuse and financial disclosure conditions and announced that Grogan would be bound by "the search condition of the district." Not only were those the only three recommended conditions in the PSR, but they also corresponded to conditions in the court's standing order. *See* note 1, above. The court could have adopted the conditions by referencing a page or paragraph number of the PSR or standing order. *See Diggles*, 957 F.3d at 555, 560–61. Since the court could have adopted the conditions by saying less than it did, we see no principled reason why it did not do so by saying more—at least where there is no ambiguity.

## IV.

In short, after giving Grogan notice of the proposed conditions in both the PSR and the standing order, it was clear that the district court adopted the full terms of those conditions orally at the sentencing hearing. Because there is no disparity between the oral pronouncement and the written judgment, we find no error. The judgment is AFFIRMED.