# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2021

Lyle W. Cayce
Clerk

No. 18-40955
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEONIDAS ARGUETA-PORTILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-334-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Leonidas Argueta-Portillo appeals from the sentence imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that (1) his sentence was substantively unreasonable, and (2) the district court erred by including two unpronounced

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conditions of supervised release in the written judgment. Although Argueta-Portillo has been released from imprisonment, his challenges are not moot because he is still subject to a term of supervised release. *See United States v. Heredia-Holguin*, 823 F.3d 337, 342-45 (5th Cir. 2016) (en banc); *United States v. Vega*, 960 F.3d 669, 672-75 (5th Cir. 2020).

Argueta-Portillo argues that the district court committed a clear error in balancing the sentencing factors, thereby resulting in an above-guidelines sentence that was substantively unreasonable. Because he specifically argued for a sentence at the low end of the guidelines range, Argueta-Portillo preserved this challenge. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). We review sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing an above-guidelines sentence for substantive reasonableness, we consider the totality of the circumstances, including the extent of any variance from the guidelines range, to determine whether the § 3553(a) factors support the sentence. *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).

In this case, the district court relied on appropriate § 3553(a) factors in determining that an upward variance was warranted, as its reasons addressed Argueta-Portillo's history and characteristics and the need to deter Argueta-Portillo from future criminal conduct, protect the public, promote respect for the law, and provide just punishment. We defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance, *see Gerezano-Rosales*, 692 F.3d at 401, and justify the extent of the upward variance imposed, *see United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012). Argueta-Portillo's argument essentially

requests that we reweigh the § 3553(a) factors, which is not within the scope of our review. *See Gall*, 552 U.S. at 51.

Argueta-Portillo challenges the following two conditions of supervised release: (1) "You must immediately report to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed."; and (2) "If you reenter the United States, you must report to the nearest probation office within 72 hours after your return." Both conditions were included in the appendix to the presentence report (PSR), and the district court adopted the PSR after confirming that Argueta-Portillo had reviewed it. Moreover, the sentencing court expressed its intent that Argueta-Portillo be deported and specifically referenced a third condition of supervised release that ordered him not to return to the United States after his deportation. Plain-error review applies when the district court "notifies the defendant at sentencing that conditions are being imposed." *United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836). In any event, given these circumstances, Argueta-Portillo has not shown error, plain or otherwise. *See United States v. Grogan*, 977 F.3d 348, 351-54 (5th Cir. 2020); *United States v. Vasquez-Puente*, 922 F.3d 700, 703-05 (5th Cir. 2019).

The district court's judgment is AFFIRMED.