# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2021

Lyle W. Cayce
Clerk

No. 19-20842
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OLIVIO RIOJAS-FLORES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-409-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Olivio Riojas-Flores appeals his sentence following his guilty plea conviction of illegal reentry by a previously deported alien after a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that there is an impermissible conflict between the oral pronouncement of sentence and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-20842

the written judgment, which included conditions of supervised release requiring him to surrender to United States Immigration and Customs Enforcement and follow their instructions and reporting requirements until any deportation proceedings are completed (the first special condition); requiring him to report to the nearest probation office within 72 hours of his return if he were to reenter the United States (the third special condition); and requiring him to seek proper documentation authorizing him to work in the United States (the fourth special condition).  The Government concedes that the fourth special condition creates an impermissible conflict.

Riojas-Flores did not have a meaningful opportunity to object in the district court.  *See United States v. Diggles*, 957 F.3d 551, 559-63 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836).  Therefore, review is for an abuse of discretion.  *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

Regarding the first condition, the record in this case reflects that the district court intended for Riojas-Flores to be deported following his prison term.  *See United States v. Vasquez-Puente*, 922 F.3d 700, 703-05 (5th Cir. 2019).  The surrender condition was consistent with this intent and did not "broaden[ ] the restrictions or requirements of supervised release from the oral pronouncement." *Id.* at 705 (internal quotation marks, brackets, and citation omitted).  Consequently, the district court did not abuse its discretion by including the surrender condition in the written judgment.  *See id.* at 703-05.

However, the district court's failure to orally pronounce or otherwise adopt the third and fourth special conditions at sentencing created an impermissible conflict that constituted an abuse of discretion.  *See Diggles*, 957 F.3d at 560, 563.  Accordingly, the district court's judgment is AFFIRMED IN PART and is VACATED IN PART.  This case is

No. 19-20842

REMANDED to the district court to be reformed in conformity with the oral pronouncement as to the third and fourth special conditions.