# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2021

Lyle W. Cayce
Clerk

No. 20-40290
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

David Armando Castaneda,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1618-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

David Armando Castaneda was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1), and was sentenced to 210 months in prison and a five-year term of supervised release. He contends that the district court erred by including

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40290

special conditions of supervised release in the written judgment that it failed to orally pronounce at sentencing. Castaneda seeks remand to permit the district court to reform the written judgment. Because he failed to object to the alleged discrepancy when given the opportunity during his sentencing hearing in the district court, our review is for plain error. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

A district court must orally pronounce a criminal defendant's sentence, including any discretionary conditions of supervised release, at the sentencing hearing. *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020) (en banc). "If the in-court pronouncement differs from the [written] judgment that later issues, what the judge said at sentencing controls." *Id.* A "written judgment conflicts with [an] oral pronouncement" if it "impos[es] a more burdensome requirement." *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006). "But oral pronouncement does not mean that the sentencing court must recite the conditions word-for-word." *Grogan*, 977 F.3d at 352. The court may also "adopt[] the conditions by referenc[e]." *Id.* at 354.

Here, the district court explained during Castaneda's sentencing hearing that it was "ordering, in light of [Castaneda's] history [of alcohol and substance abuse,] that [he] participate in drug and alcohol treatment" as "a condition of [his] term of supervised release." The court did not read aloud the full text of the six drug- and alcohol-related special conditions that were included in its written judgment.[1] But those six conditions were listed in their entirety in the presentence report (PSR) under the heading "Substance Abuse Treatment, Testing, and Abstinence." Although the district court did not explicitly adopt the PSR at Castaneda's sentencing hearing, it did

---

[1] These conditions were substantially identical to the six at issue in *United States v. Lozano*, 834 F. App'x 69, 71–72 (5th Cir. 2020).

confirm at the outset that defense counsel had read the report and reviewed it with Castaneda.

Under the circumstances, we find no true conflict between the district court's written judgment and its oral pronouncement—and accordingly no error, let alone "plain" error, in Castaneda's sentence. In context, the district court's oral mention of "drug and alcohol treatment" is best understood as "a shorthand reference to the . . . portion of the PSR" in which the six special conditions were listed. *Lozano*, 834 F. App'x at 75. In a recent case, we held that a district court's statement at a defendant's sentencing hearing that "'substance abuse testing and treatment will be ordered' . . . . logically referred" to all of "the six paragraphs from the PSR" that were grouped under the heading, "'Substance Abuse Treatment, Testing, and Abstinence.'" *United States v. Rodriguez*, 838 F. App'x 119, 120 (5th Cir. 2021). We emphasized in that case that the defendant and his attorney had reviewed the PSR. *See id.* Here, too, the district court confirmed at the sentencing hearing that Castaneda and his attorney were familiar with the PSR, and the court's subsequent oral mention of "drug and alcohol treatment" is just as clear a "logical[] refer[ence]" to the six paragraphs in the PSR captioned, "Substance Abuse Treatment, Testing, and Abstinence" as the sentencing judge's remarks during the sentencing hearing in *Rodriguez*.

We are therefore persuaded that the district court, in its remarks during Castaneda's sentencing hearing, adopted by reference the six drug- and alcohol-related special conditions listed in the PSR. After "reviewing . . . the record," it appears that the supposed "discrepancy between the oral pronouncement and the written judgment" was not a true "conflict," but instead "merely an ambiguity," *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006), the meaning of which is readily cleared up by the PSR.

Thus, district court's judgment is AFFIRMED.