# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2021

Lyle W. Cayce
Clerk

No. 19-51089
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Frank Gonzalez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-3387-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Frank Gonzalez pleaded guilty to possessing with intent to distribute methamphetamine, possessing with intent to distribute heroin, conspiring to possess with intent to distribute methamphetamine, possessing a firearm as a felon, and carrying a firearm during and in relation to a drug trafficking

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

crime.  Gonzalez was sentenced to a total 180 months of imprisonment and 10 years of supervised release for all five counts.  He contends that the district court erred by including discretionary conditions of supervised release in the written judgment that it failed to orally pronounce at sentencing.  Because he failed to object to the alleged discrepancy when given the opportunity during his sentencing hearing in the district court, our review is for plain error.  *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

To satisfy the constitutional right to be present at sentencing, the district court must orally pronounce the sentence, including discretionary conditions of supervised release.  *United States v. Diggles*, 957 F.3d 551, 556-59 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020).  "But oral pronouncement does not mean that the sentencing court must recite the conditions word-for-word."  *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).  The court may also adopt conditions by reference to the presentence report (PSR) or a standing order.  *Id.* at 353-54.

While in this case the district court did not read aloud the full text of the three special conditions that were included in its written judgment, those conditions were listed in their entirety in the PSR.  The district court confirmed at the outset of the sentencing hearing that Gonzalez had time to review the PSR with counsel.  In context, the district court's oral mention of the three conditions is best understood as a shorthand reference and adoption of the portion of the PSR in which the three special conditions were recommended.  Under the circumstances, we find no true conflict between the district court's written judgment and its oral pronouncement, *see United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006), and accordingly no error, let alone "plain" error, in Gonzalez's sentence, *see Grogan*, 977 F.3d at 352-54.

Thus, the district court's judgment is AFFIRMED.