# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2022

Lyle W. Cayce
Clerk

No. 21-40180
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Adolfo Gonzalez-Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1028-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Adolfo Gonzalez-Hernandez pleaded guilty to conspiracy to possess with intent to distribute 40.20 grams of cocaine and was sentenced to 120 months of imprisonment and five years of supervised release. He contends that the district court's oral pronouncement, ordering him to report to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40180

Probation Office within 72 hours after returning to the United States, conflicts with the written judgment, which he contends requires him to report to the Probation Office immediately upon returning to the United States.

"Where there is an actual conflict between the district court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls." *United States v. Mireles*, 471 F.3d 551, 557 (5th Cir. 2006). A conflict arises when the written judgment imposes more burdensome conditions or broadens the restrictions or requirements of the orally pronounced conditions. *Id.* at 558; *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006). Because Gonzalez-Hernandez had no opportunity to object, our review is for abuse of discretion. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). Here, the written judgment's requirement that Gonzalez-Hernandez report upon returning to the United States is more burdensome than the requirement announced at sentencing that provided a 72-hour period for reporting.

Accordingly, the judgment of the district court is VACATED in part, and the matter is REMANDED to the district court for the limited purpose of conforming the written judgment with the oral pronouncement of sentence.