# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 21-20319
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICARDO ZARAGOZA-NUNEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-173-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Ricardo Zaragoza-Nunez challenges some of the conditions of his supervised release imposed following his guilty plea conviction. He contends—and the government concedes—that there is a conflict between the oral pronouncement of his sentence and four special

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20319

conditions listed in the written judgment. The relevant conditions require him to (1) participate in an outpatient substance abuse treatment program, (2) submit to substance abuse testing and refrain from obstructing or tampering with the testing methods, (3) report to the nearest probation office within 72 hours if he reenters the United States, and (4) seek documentation from immigration authorities authorizing him to work in the United States.

As noted, the parties agree that the written judgment conflicts with the district court's oral pronouncement. They disagree, however, about the appropriate standard of review. "When a defendant objects [to a condition of his supervised release] for the first time on appeal, we usually review only for plain error." *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc) (citing FED. R. CRIM. P. 52(b)), *cert. denied*, 141 S. Ct. 825 (2020). But, if the defendant "did not have the opportunity [to object before the district court], we review for abuse of discretion." *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020) (citing *United States v. Rivas-Estrada*, 906 F.3d 346, 348 (5th Cir. 2018); *Diggles*, 957 F.3d at 559).

The government acknowledges that the district court did not pronounce the relevant conditions during sentencing. But the government claims that plain error review is nonetheless appropriate "because Zaragoza-Nunez had notice via the PSR Appendix that the district court intended to impose these four special conditions of supervised release."

We disagree. *Diggles* is clear: "[T]he mere existence of [a PSR or other document proposing conditions] is not enough for pronouncement. The court must orally adopt the written recommendations when the defendant is in court." 957 F.3d at 561 n.5. The district court did not do so here, so Zaragoza-Nunez did not have an opportunity to object to the conditions. Our review is, therefore, for abuse of discretion. *See id.* at 559–61; *Grogan*, 977 F.3d at 352.

No. 21-20319

A district court must orally pronounce the sentence. If the oral pronouncement differs from the written judgment, the oral pronouncement controls. *Diggles*, 957 F.3d at 556–57. We are persuaded by Zaragoza-Nunez's claims—and the government's concessions—that the four challenged conditions in the written judgment impermissibly conflict with the conditions that the district court orally pronounced. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006).

The district court's judgment is therefore VACATED in part and REMANDED to the district court for the limited purpose of conforming the written judgment to the oral pronouncement of sentence.