# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2022

Lyle W. Cayce
Clerk

No. 21-30527
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAHODA OVERSTREET,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-32-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jahoda Overstreet pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine. He was sentenced to 151 months of imprisonment to be followed by five years of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

supervised release.  In announcing the conditions of supervised release at sentencing, the district court ordered Overstreet to avoid the excessive use of alcohol.  The special condition in the judgment states that Overstreet is to abstain from alcohol.  On appeal, Overstreet argues that the district court included a special condition of supervised release in the judgment addressing alcohol abstinence that is more burdensome than, and therefore conflicts with, the court's oral pronouncement of sentence.  Because Overstreet had no opportunity to object, our review is for abuse of discretion.  *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

"Where there is an actual conflict between the district court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls."  *United States v. Mireles*, 471 F.3d 551, 557 (5th Cir. 2006).  A conflict arises when the written judgment imposes more burdensome conditions or broadens the restrictions or requirements of the orally pronounced conditions.  *Id.* at 558; *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006).  Here, the written judgment's restriction on the use of alcohol is more burdensome than the restriction announced at sentencing.

Accordingly, the judgment of the district court is VACATED in part, and the matter is REMANDED to the district court for the limited purpose of conforming the written judgment with the oral pronouncement of sentence.  In all other respects, the judgment of the district court is AFFIRMED.