# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2022

Lyle W. Cayce
Clerk

No. 20-50926
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OSCAR OMAR PAZ-MEJIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-278-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Oscar Omar Paz-Mejia pled guilty to illegal reentry following removal and was sentenced within the advisory guidelines range to 22 months' imprisonment followed by three years' supervised release. The written judgment included nine conditions of supervised release labeled "Mandatory

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50926

Conditions" and 17 conditions labeled "Standard Conditions." Paz-Mejia timely filed a notice of appeal. Paz-Mejia argues that the district court failed to orally pronounce seventeen discretionary conditions of supervised release that were included in the written judgment as "standard conditions." The government agrees, with one exception that we discuss below. We therefore VACATE in part Paz-Mejia's sentence and REMAND for the district court to amend its written judgment in accordance with this opinion.

I.

The Fifth Amendment's Due Process Clause guarantees defendants the right to be present at sentencing. A district court's oral pronouncement of the sentence therefore controls over the subsequent written judgment, including with respect to conditions of supervised release. *United States v. Diggles*, 957 F.3d 551, 556–57 (5th Cir. 2020) (en banc) (citations omitted), *cert. denied*, 141 S. Ct. 825 (2020). A district court must pronounce any supervised release condition that does not fall within the mandatory conditions that 18 U.S.C. § 3583(d) provides. *Id.* at 559. A district court satisfies the pronouncement requirement by informing the defendant at sentencing what conditions it is imposing. *Id.* at 560. The court may state the conditions or specifically adopt a list of recommended supervised release conditions from a court-wide or judge-specific standing order, the Presentence Investigation Report (PSR), or some other document. *Id.* at 560–63 & n.5 (citations omitted). But "the mere existence of such a document is not enough for pronouncement." *Id.* at 561 n.5. "The pronouncement requirement is not a meaningless formality." *Id.* at 560. The Due Process Clause requires the district court to afford the defendant a chance to understand and object to release conditions at sentencing. *Id.* at 560–63 & n.5

If the district court fails to mention at sentencing a condition of supervised release that must be pronounced, its inclusion in the written

judgment can create a conflict. *United States v. Vega*, 332 F.3d 849, 852–53 (5th Cir. 2003) (per curiam) (citation omitted). When a written sentence conflicts with an oral sentence, the oral pronouncement controls, and the written judgment must be amended to conform with the oral pronouncement. *Diggles*, 957 F.3d at 557–58. That is, when a written judgment's provisions conflict with the sentence as orally pronounced, those conditions must be deleted from the judgment. *Cf. United States v. Fields*, 977 F.3d 358, 366–67 (5th Cir. 2020).

## II.

At sentencing, the district court did not mention that Paz-Mejia would be subject to any "standard" conditions of supervised release—*i.e.*, those not required by 18 U.S.C. § 3583(d). Although the Western District of Texas has a standing order setting forth the mandatory and standard conditions that were included in Paz-Mejia's written judgment, the district court did not reference that standing order or confirm that Paz-Mejia reviewed that order with counsel. The district court adopted the PSR, but the PSR did not include an appendix, reference the standing order, or set forth any standard conditions of supervised release. We therefore review the district court's imposition of these conditions for abuse of discretion. *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). Because neither the PSR nor the district court at sentencing mentioned the remaining discretionary conditions listed in the written judgment—standard conditions 1 through 16—those conditions conflict with the oral pronouncement. "Taken together, these unpronounced, unincorporated, and un-referenced conditions found only in [Paz-Mejia's] written judgment, although critical to effectuating the purposes of supervised release, are required to be excised according to our existing precedent." *United States v. Jackson*, No. 20-50922, 2022 WL 738668, at *4 (5th Cir. Mar. 11, 2022) (unpublished).

No. 20-50926

The district court did announce, however, the standard condition that Paz-Mejia "not come back to this country illegally." Because Paz-Mejia had an opportunity to object to this special condition, we review it for plain error. *Grogan*, 977 F.3d at 352. The final condition imposed in the written judgment refers to the same district-wide order addressed in *United States v. Martinez*, 15 F.4th 1179, 1180-81 (5th Cir. 2021). The district court referred to that condition twice at sentencing. First, the district court warned Paz-Mejia and the other defendants present for sentencing that it would impose the condition that any removed defendant "not come back to this country illegally." Second, the district court told Paz-Mejia that it was imposing a "condition that [he] not come back to this country illegally." These statements, together, provide sufficient notice under our caselaw, as they mirror the condition in the written judgment that Paz-Mejia "not illegally reenter the United States." *Cf. Grogan*, 977 F.3d at 353 (holding that a "shorthand reference" to a standing order or other written document can be "adoption all the same"). We therefore hold that Paz-Mejia has not shown any plain error in this condition's inclusion in the written judgment.

In sum, standard conditions 1 through 16 conflict with the oral pronouncement and should be excised from the written judgment. For the foregoing reasons, we VACATE in part Paz-Mejia's sentence and REMAND for the district court to amend its written judgment in accordance herewith.