# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2022

Lyle W. Cayce
Clerk

No. 21-50758
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL DEWAYNE SHEEDS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-448-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Michael Dewayne Sheeds appeals the sentence imposed following his guilty plea convictions for production of child pornography and possession of child pornography. Specifically, he contends that the district court violated his right to be present at sentencing by imposing 17 discretionary conditions

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of supervised release in the written judgment without orally pronouncing them during his sentencing hearing. The challenged conditions appear in the judgment as "standard" conditions one through seventeen. Because the district court did not reference the conditions or orally adopt a document listing the conditions during the sentencing hearing, Sheeds did not have an opportunity to object, and we review for abuse of discretion. *See United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir. 2020) (en banc); *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

At sentencing, the district court did not state the conditions, allude to them by shorthand reference, or orally adopt the standing order containing a listing of the conditions. *Cf. United States v. Martinez*, 15 F.4th 1179, 1180-81 (5th Cir. 2021); *Grogan*, 977 F.3d at 351-54. Accordingly, the imposition of the 17 "standard" conditions in the written judgment violated Sheeds's right to be present at sentencing. *See Diggles*, 957 F.3d at 559-63 & n.5. We thus VACATE the judgment in part and REMAND the case for the limited purpose of amending the written judgment to conform to the oral pronouncement of sentence. *See Diggles*, 957 F.3d at 559-63; *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).