# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2022

Lyle W. Cayce
Clerk

No. 21-20020
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ISRAEL ZENIL COVARRUBIAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-225-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Israel Zenil Covarrubias appeals his sentence for illegal reentry. Specifically, he contends that the district court violated his right to be present at sentencing by imposing 14 discretionary conditions of supervised release in the written judgment without orally pronouncing them during his

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20020

sentencing hearing.  The challenged conditions appear in the judgment as "standard" conditions two through 15.

The conditions were listed in an appendix to the presentence report (PSR) and were listed in or incorporated by reference in a standing order of the Southern District of Texas.  Because the district court did not reference the conditions or orally adopt one of the documents listing the conditions during the sentencing hearing, Zenil Covarrubias did not have an opportunity to object, and we review for abuse of discretion.  *See United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020); *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

The district court did not state the conditions, allude to them by shorthand reference, or orally adopt the PSR, its appendix, or the standing order at sentencing.  *Cf. United States v. Martinez*, 15 F.4th 1179, 1180-81 (5th Cir. 2021); *Grogan*, 977 F.3d at 351-54.  Accordingly, the imposition of the conditions in the written judgment violated Zenil Covarrubias's right to be present at sentencing.  *See Diggles*, 957 F.3d at 559-63 & n.5.  We thus VACATE the judgment in part and REMAND the case for the limited purpose of amending the written judgment to conform to the oral pronouncement of sentence.  *See Diggles*, 957 F.3d at 559-63; *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).