# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2022

Lyle W. Cayce
Clerk

No. 20-50920
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Eboni Siamone McMurray,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-62-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Eboni Siamone McMurray pleaded guilty to two counts of bank robbery and two related firearm counts. She was sentenced to terms of imprisonment followed by supervised release. On appeal, she argues that certain discretionary conditions of supervised release in her written judgment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50920

should be stricken because the district court failed to orally pronounce them at sentencing.  The Government responds that the district court adequately pronounced all of the supervised release conditions in the written judgment.

We agree with McMurray that the district court did not sufficiently pronounce Mandatory Condition 9 and the standard conditions as required before including them in the written judgment.  *See United States v. Diggles*, 957 F.3d 551, 559-63 (5th Cir. 2020) (en banc).  As such, a conflict exists between the oral pronouncement of sentence and the written judgment, and these conditions must be excised from the written judgment.  *See United States v. Mireles*, 471 F.3d 551, 557-58 (5th Cir. 2006).  But we agree with the Government that the district court pronounced the discretionary mental health treatment and search conditions in the written judgment.  *See United States v. Grogan*, 977 F.3d 348, 353-54 (5th Cir. 2020).

Accordingly, we VACATE in part and REMAND to the district court to amend the written judgment in accordance with this opinion.  In all other respects, the judgment is AFFIRMED.