# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2022

Lyle W. Cayce
Clerk

No. 22-20141
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DENIS OSMARI ULLOA-FUNEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-377-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Denis Osmari Ulloa-Funez appeals his sentence for illegal reentry. The only issue on appeal is whether the district court abused its discretion by failing at sentencing to orally pronounce, or reference by shorthand, the discretionary standard conditions of supervised release

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-20141

before their inclusion in the final judgment. Although the appendix of Ulloa-Funez's pre-sentencing report and Southern District of Texas's General Order 2017-01 contain these standard conditions, the district court did not expressly reference these documents either.

As evinced by the record, our review is for abuse of discretion because Ulloa-Funez did not have an opportunity to object to these conditions. *See United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir. 2020) (en banc); *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

The district court was required to pronounce or refer to the conditions of supervision that are discretionary under 18 U.S.C. § 3583(d) at sentencing. *See Diggles*, 957 F.3d at 556-59. Of the 15 conditions, only the first was stated. The district court did not pronounce or refer to the remaining 14 conditions at issue and did not orally adopt or mention the PSR's appendix or the standing order. *Cf. United States v. Martinez*, 15 F.4th 1179, 1180-81 (5th Cir. 2021); *Grogan*, 977 F.3d at 351-54. The inclusion of these conditions in the written judgment thus violated Ulloa-Funez's right to be present at sentencing. *See Diggles*, 957 F.3d at 559-63 & n.5.

We therefore VACATE the judgment in part and REMAND the case for the limited purpose of amending the written judgment to conform with the oral pronouncement of sentence. *See Diggles*, 957 F.3d at 559-63; *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).