# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2023

Lyle W. Cayce
Clerk

No. 22-20513
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Brandon Coleman,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-552-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Brandon Coleman appeals the within-Guidelines sentence of 57 months in prison and three years of supervised release imposed following his conviction for being a felon in possession of a firearm. He argues that the district court did not orally pronounce at sentencing 15 conditions of supervision labeled "Standard Conditions of Supervision" in the written

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20513

judgment such that those conditions must be stricken from the judgment. The Government agrees.

Because Coleman did not have an opportunity to object to the conditions before the district court, we review for an abuse of discretion. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). Because the conditions at issue are not required under 18 U.S.C. § 3583(d), they constitute discretionary conditions that the district court was required to pronounce at sentencing. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). Although these conditions were referenced in the appendix to the presentence report and set forth in a standing order of the Southern District of Texas, the mere existence of those documents is not sufficient to constitute pronouncement, and the district court did not orally adopt either one or otherwise refer to the standard conditions. *See id.* at 560-61 & n.5. Because the inclusion of these conditions in the written judgment broadens the requirements of supervised release that the district court orally pronounced, there is a conflict, and the oral pronouncement of sentence controls. *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).

Accordingly, we AFFIRM in part, VACATE in part, and REMAND to the district court for the limited purpose of amending the judgment to conform with the oral pronouncement of sentence. *See id.* Coleman's pro se motion for leave to file a supplemental brief is DENIED. *See United States v. Ogbanna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999).