# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2023

Lyle W. Cayce
Clerk

No. 23-20059

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Alvin Woods,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-531-3

_____

Before Richman, *Chief Judge*, Stewart, *Circuit Judge*, and Hanks, *District Judge*.[*]

Per Curiam:[**]

Alvin Woods appeals the 240-month sentence imposed by the district court following his guilty plea conviction of aiding and abetting kidnapping pursuant to 18 U.S.C. §§ 1201(a) and 1202. He argues that the district court

---

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20059

plainly erred by failing to provide him notice of its intent to upwardly depart from the guidelines range based in part on United States Sentencing Guidelines ("U.S.S.G.") § 5K2.3, which provides for a departure for extreme psychological injury to the victims. Because the record wholly supports the sentence imposed by the district court for reasons aside from its upward departure under § 5K2.3, we AFFIRM.

## I. Factual & Procedural Background

Beginning in 2019, Woods committed twelve home invasions of multi-million-dollar houses with multiple accomplices. Woods and his accomplices researched and selected certain homes as targets in advance of their criminal invasions. When they carried out an invasion on a targeted home, they used guns, pepper spray, and zip ties to tie up their victims and force them to comply with their demands, while they ransacked the homes for cash, jewelry, and other valuables.

In one home invasion, Woods and his codefendant bound a woman and carried her to a safe in her home and demanded the combination. When she stated that she did not know the combination, they began threatening her eleven-year-old child, ultimately brutally pepper-spraying the child in front of her and forcing her to watch. In another home invasion, a husband and wife were zip-tied and forced to lay side by side on the kitchen floor. Both victims later stated that they were convinced they were going to die and said what they assumed would be their final words to each other, all while agonizing over the safety of their eighteen-month-old child who was sleeping upstairs. In subsequent Victim Impact Statements, the victims described the long-term emotional toll that Woods's and his accomplices' offenses took on them.

On the night of the offense that is the subject of this appeal, Woods and his two accomplices parked near the victims' residence wearing black

clothing and masks. They then entered the home, threatened the victims with guns, zip-tied their wrists and ankles, and demanded money and access to their safe. They stole money, other valuable items, and unsuccessfully attempted to steal the victims' vehicle. Police later pulled over Woods in his vehicle and found a backpack that had black clothing, zip ties, duct tape, ammunition, and a ring belonging to one of the victims he had just robbed.

A superseding indictment charged Woods and two codefendants with three counts of aiding and abetting kidnapping, stemming from their string of home invasion robberies pursuant to 18 U.S.C. §§ 1201(a) and 1202. Pursuant to a written plea agreement, Woods pleaded guilty to Count 3, the sole count in which he was named. He did not waive his appellate rights as part of his plea agreement.

A probation officer determined that Woods's guidelines range of imprisonment was 151 to 188 months, based on his total offense level of 31 and criminal history category of IV. However, the Presentence Investigation Report ("PSR") further recommended that the district court consider an upward departure pursuant to U.S.S.G. § 5K2.21, which pertains to dismissed and uncharged conduct, to reflect the actual seriousness of the offense. This recommendation was based on Woods's disturbing and violent conduct that was not charged and, therefore, did not factor into the guidelines calculations. The PSR specifically noted that Woods took part in two additional home invasion robberies and kidnappings with his codefendants where he was armed with a handgun, restrained the victims, stole money and jewelry, and pepper-sprayed some of the victims. Attached to the PSR were victim impact statements of victims from two of the three robberies. Woods did not object to the PSR.

The district court adopted the PSR. Then, having heard the parties' sentencing arguments, the district court stated that it was upwardly departing

pursuant to § 5K2.21 and sentenced Woods to 240 months of imprisonment and four years of supervised release. The district court further ordered Woods to pay $903,941 in restitution. Woods did not object to his sentence. He then filed this appeal.

## II. Standard of Review

Although both parties assert that plain error review applies because Woods did not object to the § 5K2.3 departure, it is unclear from the record whether Woods had sufficient opportunity to object to the departure during sentencing.[1] *See, e.g., United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020) ("If [the defendant] had th[e] chance [to object before the district court] but failed to do so, we review for plain error. If he did not have the opportunity, we review for abuse of discretion." (internal citations and citations omitted)); *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). Nonetheless, we need not decide which standard of review applies here because Woods cannot prevail under the more lenient abuse-of-discretion standard and thus consequently, neither could he prevail under the plain error standard.

## III. Discussion

---

[1] The district court explicitly stated it was departing pursuant to § 5K2.21 based on Woods's uncharged conduct and proceeded to discuss that conduct and its effect on Woods's guidelines range, determining that the departure range would have applied if Woods had been convicted of the uncharged offenses. The district court concluded that the departure accounted for Woods's additional robberies, his criminal history, and his prior sentences, and that it "recognized the severe emotional and physical harm" to the victims. The district court did not, however, explicitly refer to § 5K2.3 or use the language of that Guideline, which provides for a departure for extreme psychological injury, described as psychological injury "much more serious" than would normally result. It was only in its Statement of Reasons provided in its written judgment, which was prepared after the oral sentencing hearing had concluded, that the district court expressly indicated that it was departing in part based on § 5K2.3.

On appeal, Woods argues that the district court plainly erred by failing to give notice of all grounds for the upward departure, including those based on § 5K2.3. He argues that the error affected his substantial rights because, if he had proper notice, he could have challenged the district court's finding that the victims suffered extreme psychological harm and potentially received a lower sentence. Specifically, he asserts that he would have argued that the psychological injuries suffered by the victims were not more serious than would normally result from the commission of the offense and, therefore, did not justify an upward departure under U.S.S.G. § 5K2.3. He argues that this court should exercise its discretion to correct the error because we have previously done so in other cases, and reversal would require only resentencing and not a retrial. We are unpersuaded.

There are three types of sentences: (1) a sentence within a properly calculated guidelines range, (2) a sentence that includes a departure as authorized by the Guidelines, and (3) a non-guideline sentence, or a variance, that is outside of the Guidelines. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Under U.S.S.G. § 6A1.4 and Federal Rule of Criminal Procedure 32(h), a defendant is entitled to notice before the district court departs from the guidelines range. The Guidelines and criminal procedure rules state that before the court can depart on a ground not identified for departure in the presentence report or a party's prehearing submission, it "must give the parties reasonable notice that it is contemplating such a departure." FED. R. CRIM. P. 32(h); U.S.S.G. § 6A1.4.

A district court must provide with specificity written reasons for the upward departure, as required by 18 U.S.C. § 3553(c)(2), U.S.S.G. § 5K2.0(e), p.s., and 18 U.S.C. § 3742(e)(3). Here, the district court's Statement of Reasons, which were part of its written judgment, explicitly provided that the sentence was an upward departure pursuant to U.S.S.G. § 5K2.21 and § 5K2.3, which involves extreme psychological injury.

Additionally, Woods received written notice in the PSR of a potential upward departure pursuant to § 5K2.21 based on his dismissed conduct, specifically his participation in two additional home invasion robberies and kidnappings where he pepper-sprayed the victims.

The question thus becomes whether Woods received sufficient notice that the district court intended to upwardly depart in part based on § 5K2.3. We need not resolve this question, however, as any error in the procedure employed in the sentencing proceedings below was harmless because it did not affect Woods's sentence. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) ("A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." (internal quotation marks and citation omitted)).

Our review of the sentencing transcript in this case shows that the district court's upward departure was based almost entirely on Woods's uncharged conduct, namely, his other kidnappings and robberies, as well as his disturbing and violent criminal history. In particular, the district court concluded that the range of 151 to 188 months failed to account for Woods's conduct in the other two home invasions and if he had been convicted of all three robberies in which he participated that were the subject of the superseding indictment, his guidelines range of imprisonment would have been 210 to 262 months. The court then concluded that a sentence of 240 months would be the lowest reasonable sentence based on Woods's conduct

and criminal history.[2] Just prior to these statements, the court also cited Woods's "history of similar violent armed robberies," which resulted in two prior convictions in 1993 where he received concurrent 22-year prison sentences, and his commission of another robbery shortly after his release, for which he received a two-year sentence.

Accordingly, the record indicates that the district court expressly departed and selected the range of 210 to 262 months based on Woods's uncharged conduct pursuant to § 5K2.21. The district court also focused heavily on Woods's criminal history and the failure of prior sentences to deter him.  It made only one passing reference to the harm to the victims. Thus, notwithstanding the additional selection of § 5K2.3 in the district court's Statement of Reasons, the district court's statements at sentencing reflect that the psychological harm to the victims was only ancillary to the other reasons it used to support its decision to depart from the range, *i.e.*, Woods's extensive disturbing and violent criminal history and the failure of his prior sentences to deter his criminal coneduct. Consequently, we hold that any lack of notice of the district court's ground for departure under

_____

[2] The district court stated at sentencing:

> Pursuant to guideline section 5K 2.21, the [c]ourt believes that the lowest reasonable sentence based on the defendant's conduct and criminal history is to depart upward and to sentence the defendant to 240 months in custody. This would be the sentence even if his guideline range was based on III rather than IV criminal history points. This departure accounts for the two additional robberies the defendant committed with the co-defendants, which are outside the count of conviction. The [departure also accounts for the] defendant's history of similar robberies and the lengthy sentence of imprisonment that failed to deter the defendant and also recognizes the severe emotional and physical harm caused to the victims in this case. I sentence you therefore to 240 months in custody.

§ 5K2.3 was harmless because it did not affect Woods's sentence. *See Delgado-Martinez*, 564 F.3d at 753.

## IV. Conclusion

For the foregoing reasons, we AFFIRM Woods's sentence as imposed by the district court.