# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60227

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Columbus Kennedy,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-154-1

———————————————————————

Before Jones, Clement, and Richman, *Circuit Judges*.

Per Curiam:[*]

Christopher Columbus Kennedy appeals his revocation sentence, arguing that the district court did not orally pronounce certain discretionary conditions of supervised release that were set forth in the written judgment. Finding no error, we AFFIRM.

Kennedy was convicted in February 2019 of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentenced him to 66 months of imprisonment to be followed by a three-year term of supervised release. As part of this term of supervised release, the court imposed thirteen standard conditions of supervision. Kennedy's supervision commenced in August 2023.

In April 2025, the United States Probation Office petitioned for a warrant for Kennedy's arrest, alleging that he violated conditions of his supervised release. The district court held a revocation hearing, during which Kennedy admitted to four violations. The district court revoked Kennedy's supervised release and sentenced him to six months of imprisonment to be followed by a 30-month term of supervised release. The court explained that while on supervised release, Kennedy must "comply with the standard conditions of supervision listed on the judgment order, which are reasonably related to the goals of sentencing and impose no greater restrictions than reasonably necessary to accomplish those goals in the Court's view." After imposing the sentence, the court asked if either party had anything further, and neither the government nor Kennedy's counsel raised any further issues or objections. The court's written judgment included the same thirteen standard conditions of supervision as the original judgment for Kennedy's underlying conviction. Kennedy timely appealed.

The parties disagree as to the appropriate standard of review. When, as here, "a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object before the district court." *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). If a defendant had the opportunity to object "but failed to do so, we review for plain error. If he did not have the opportunity, we review for abuse of discretion." *Id.* (citations omitted).

The opportunity to object "exists when the court notifies the defendant at sentencing that conditions are being imposed." *United States v.*

*Diggles*, 957 F.3d 551, 560 (5th Cir. 2020) (en banc). But the court need not "recite the conditions word-for-word" to put the defendant on notice. *Grogan*, 977 F.3d at 352. Instead, the district court can orally adopt a written list of proposed conditions. *Diggles*, 957 F.3d at 560. Proposed conditions often appear in a presentence investigation report or a court-wide standing order, but courts can adopt by reference any document listing proposed conditions as long as the court orally adopts the document when the defendant is in court and ensures that the defendant had an opportunity to review the document with counsel. *Id.* at 561 n.5.

In *United States v. Gomez*, 960 F.3d 173, 178–80 (5th Cir. 2020), we held that a district court sufficiently pronounced conditions of supervision at a resentencing hearing when the court reimposed the same conditions listed in the original judgment. Even though it was not clear whether the defendant "had a physical copy of the first judgment before him at the resentencing hearing," the document "had been in the record for more than a year, giving the defense ample notice of its contents and opportunity to object to the re-imposition of its supervised-release provisions." *Id.* at 180. Thus, we reviewed for plain error and found "no error at all" because the court pronounced the conditions of supervision and those conditions did not conflict with the written judgment. *Id.* (quoting *Diggles*, 957 F.3d at 560).

Just as in *Gomez*, the district court here orally adopted the conditions listed in the original judgment. The court's reference to the "judgment order" "leaves little doubt about which document it intended to incorporate," as the first judgment was the only place in the record where the standard conditions appeared. *Id.* at 180 n.31. The original judgment had been in the record for over six years, giving Kennedy and his counsel ample time to review it, familiarize themselves with its contents, and object when the district court reimposed its conditions of supervised release at the

No. 25-60227

revocation hearing. Because Kennedy had an opportunity to object but did not do so, we review for plain error.

The district court did not err. It pronounced the standard conditions of supervised release by orally adopting the conditions listed in the original judgment. There is no conflict between the oral pronouncement and the written judgment, which imposes standard conditions of supervision identical to those listed in the original judgment.

Accordingly, we AFFIRM.